THE STATE OF IOWA, Appellee, v. DUBUQUE & SIOUX
CITY RAILROAD COMPANY *et al.*, Appellants.

**Highways:** OBSTRUCTION: EVIDENCE OF DEDICATION: PLAT. In the
prosecution of a railway company for obstructing a city street by
buildings upon its depot grounds, the question was whether or not the
street crossed the grounds, and that depended upon whether or not there
had been dedicated to public use that portion of the land which was
necessary to make the street continuous over the depot grounds. The
original plat of the city was substantially the only evidence in the
case. That plat showed the depot grounds, with an unbroken line
bounding them intersecting all the streets approaching these
grounds, including the street in question, except the streets at either
extremity of the grounds, across which was a broken line, and in the
case of some of the streets the name of the street appeared on the plat
on one side of the depot grounds, and the word "street" on the other
side. *Held,* that, while the meaning of the plat was properly sub-
mitted to the jury, it did not show a dedication of the street across
the depot grounds beyond a reasonable doubt, which was necessary
to a verdict of guilty in such a case.

*Appeal from Plymouth District Court.*—HON. G. W.
WAKEFIELD, Judge.

WEDNESDAY, MAY 24, 1893.

INDICTMENT for obstructing a public highway.
There was a verdict of guilty, and judgment thereon,
from which the defendants appeal.—*Reversed.*

*J. F. Duncombe* and *Argo, McDuffie & Reichmann,*
for appellants.

*Patrick Farrell,* County Attorney, and *Joy,
Hudson, Call & Joy,* for the State.

GRANGER, J.—The city of Le Mars was platted
and the plat recorded in June, 1870. The plat
embraced parts of sections 9 and 16, township 92,
range 45. A line of railroad running diagonally
through the city is owned by the Dubuque & Sioux

City Railway Company, and is leased to the Illinois
Central Railway Company, both being defendants in
the case.    The railroad was constructed in 1869.    The
platting and dedication of the city were by one John
I. Blair, then and since a resident of New Jersey.
Because of the importance of the plat to a proper
understanding of the case it is here reproduced, with
all important particulars:

The indictment is for an obstruction to Court street. In 1883 a coal house was built on the depot grounds in such a manner as to obstruct Court street, if the street extends across the depot grounds. The contention in the case is, therefore, as to the existence of a street across the grounds. Without question, the street is both north and south of the grounds by dedication, and if it extends across the grounds it is because of the same act of dedication.

The following is a part of the third paragraph of the court's instruction:

"The state claims the existence of Court street across the defendant's grounds by dedication. Land may be dedicated as a highway by formal contract or written declaration of the party, or by parol declarations of dedication, or by acts and conduct with or without parol declarations, such as satisfies the jury that the owner intended to, and did, dedicate the land to public use; and any such dedication becomes effective and legal when the same has been accepted by the public. The use and enjoyment by the public of land dedicated to public use will be considered by you in determining whether the dedication has been accepted by the public. The length of the time of such public use to show acceptance is not material. It will be enough if such use has existed for such time, and is of such character, as satisfies you of acceptance by the public under our statute. The use by the public shall not be considered as proving that the public claimed the right to the land as a street, but such adverse claim by the public must be proved by evidence distinct from, and independent of, such use. The plat of Le Mars, which is in evidence before you, and appears to be acknowledged and recorded, constitutes a dedication of the streets as platted thereon. The lines of Court street on said plat are not formally drawn across the grounds claimed by the defendants. It will be for

you to say, therefore, from all the evidence before you, including said plat, whether the owner at the time òf filing said plat, or any subsequent time, has dedicated to the public use as Court street the particular ground in question included within the right of way and grounds of defendants. You must be satisfied beyond a reasonable doubt that Court street has been dedicated to the public use across the railroad tracks, right of way, and grounds of defendants, and has been accepted by the public, before you can convict the defendants.''

The defendant companies were convicted of a crime, under the law, and such a conviction could only be upon evidence to show beyond a reasonable doubt that Court street was, by dedication, established across the depot grounds. The plat is substantially all the testimony indicating the intent of Blair to make the dedication. Independent of the plat, the evidence is certainly as strong against as in favor of a dedication by any party. Upon what testimony the jury was able to conclude beyond a reasonable doubt that there was a dedication for a street across the depot grounds we are unable to discover. To our minds it is a matter of very serious doubt if there is even a preponderance of evidence in support of such a fact. The plat gives no support to such a claim, but, on the contrary, it seems to have been prepared with an especial view to exclude the depot grounds from street purposes. It may be confidently stated that no competent person, intending to extend the street across the grounds, would have made the plat as it is.

Let us, for a moment, look to such streets as touch the depot grounds, and gather therefrom any evident intention of the dedicator that may appear, and, with the aid of such evident intention, we may better understand other parts of the plat. Clark street is at one end of the grounds and Seventh street at the other.

The continuance of each of those streets across the right of way is indicated by dotted lines. This fact is evident. Across all the other streets bordering on the grounds is a continuous line, and it is not to be doubted that the different conditions indicate different purposes. If we are correctly informed from the record, the grounds were, in June, 1870, with the depot thereon, as they now appear in the plat. In fact, the record shows the plat a correct one of the town a year after the road was built. According to the plat the depot would be an obstruction to Main and Fifth streets, a result hardly to have been contemplated.

We may with profit notice some of the claims for the plat as a matter of evidence on behalf of the state. It is said that the name of the street being on one side of the grounds and the word "street" on the other indicates but one street. We think that is correct, and that it is but one street, with the parts thereof separated by the grounds. But it is said that in such a case the different parts would have different names, as "North Main Street" and "South Main Street," but we think such a conclusion does not follow. In sight of the writer of the opinion is "Tenth Street" in this city, (Des Moines). A part of the street is on one side of the capitol block and a part on the other side. The two parts are separated by some seven hundred and fifty feet, and access from one part to the other is had only by passing on other streets half way around the block. The course of that street is north and south. Locust street, running east and west, was originally separated in the same manner by the capitol block. Very many instances of this kind are to be found. We doubt if such different designations as are suggested are generally given to parts of streets separated in such a manner. Such designations are oftener used when by natural separation of the parts of a city, as by streams, it becomes convenient to designate the streets in the

different parts as East, West, North, or South, accord-
ing to the locality, with the principal names the same
in the different parts.    We are not of appellee's opinion
that such a separation necessarily makes two streets
instead of one.    There is nothing absolutely or practi-
cally inconsistent in such a separation of the parts of a
street.

It is said that Second and Third streets cross the
right of way, and the open street is not indicated by
dotted lines.    Just the reason for this difference is not
manifest from the record, but such fact does not change
what we have said as to the situation about the depot
grounds, where different intentions are manifest.    The
fact that it makes the situation more confused or doubt-
ful does not help, but rather weakens, the case on the
part of the state.    It is to be kept in mind that the state
is attempting to establish a gift or grant to the public
beyond a reasonable doubt.    It is a criminal case.    If
the testimony can be fairly reconciled, consistent with
the innocence of the defendants, it must be done.
There is reason to believe that, at times, in the argument
of the case, its character has been forgotten, for the argu-
ments in some of their parts deal with the equities
between the citizens of Le Mars and the railway com-
panies, and they are at times weighed in very nice bal-
ances.    This is not a case of that character, nor is it to
be determined upon any such considerations.    We are
without a doubt that, had the rule as to a reasonable
doubt been observed by the jury, there could not have
been a verdict of guilty in the case.    The peculiar facts
of the case naturally led to an adjustment of rights
between the city and the companies, to the neglect of
the important and controlling question between the
state and the defendants, charged with a criminal
offense.    We think it impossible for any disinterested
person to read the record of the case without a serious

doubt of there being such a dedication for street purposes across the depot grounds. With such a condition of the record in a criminal case we must reverse where there has been a conviction.

There is an earnest contention for the proposition that the question of what was intended by the plat is for the jury in the light of the surrounding circumstances. The proposition is entirely a correct one, but it does not reach the objection to the verdict that we are considering. Of the many authorities cited where the rule has had application, not one is a criminal case. But it must not be understood that the rule is not applicable to a criminal case, subject to the rule of such cases as to the degree of proof required to sustain a conviction. If the situation as to the street involves interests as great as indicated in argument, and the legality of the street should be settled for the benefit of parties interested, it is unfortunate that the case is not before the courts in a way to more fairly meet the requirements of the situation by a final judgment.

With the views we have expressed, but one duty remains for us, and the judgment is REVERSED.